UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:25-cv-08114 WLH (ADS)                                  Date: September 9, 2025
Title: *Jose Federico Villareal Arballo v. Kristi Noem, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**      **(IN CHAMBERS) ORDER REGARDING SCREENING OF PETITION**

**I.     INTRODUCTION**

Petitioner Jose Villareal Arballo, through counsel, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1).  The Petition has deficiencies.  These deficiencies, discussed in more detail below, are potentially grounds for dismissal of this case.  For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** and file a response in writing **by October 9, 2025** why the instant Petition should not be dismissed with prejudice.

**II.    SCREENING REQUIREMENT**

A petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements as a petition brought under 28 U.S.C. § 2254.  Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254)).[1]  Under Habeas Rule 4, this Court is required to conduct a preliminary review of all petitions for writ of habeas corpus.  This Court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.

---

[1] References to individual Habeas Rules herein are to the Rules Governing Section 2254 Cases unless stated otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-08114 WLH (ADS)                    Date:  September 9, 2025

Title:  *Jose Federico Villareal Arballo v. Kristi Noem, et al.*

### III.  **PETITIONER DOES NOT APPEAR TO BE "IN CUSTODY"**

Petitioner seeks a writ of habeas corpus allowing him to cross the border from Mexico into the United States.  (Dkt. No. 1.)  Petitioner states he is "currently in Mexico pursuant to a May 27, 1997 order of removal," and his removal proceedings have been reopened.  (Id. at 4, 7.)  Petitioner alleges that denied entry into the United States by Immigration and Customs Enforcement ("ICE") amounts to "unjustified constructive detention in Mexico."  (Id. at 2.)

A petitioner for habeas corpus must be "in custody" in order for the court to have jurisdiction over the petition.  See 28 U.S.C. § 2241; see also Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir.1998) ("[T]he 'in custody' requirement is jurisdictional.").  Immigrants removed before filing a habeas petition do not ordinarily satisfy the "in custody" requirement.  Miranda v. Reno, 238 F.3d 1156, 1158-59 (9th Cir. 2001).  Habeas corpus jurisdiction over an immigrant who has already been removed has been recognized only under "extreme circumstances."  Id. (citing Singh v. Waters, 87 F.3d 346, 349 (9th Cir. 1996)).

Petitioner admits he is not in custody in the traditional sense and was removed prior to filing the Petition.  Petitioner therefore is no longer "in custody."  Further, Petitioner has not shown that an extreme circumstance exists here.  For these reasons, as written, the Petition fails to establish the Court has habeas corpus jurisdiction over this matter.[2]

---

[2] Petitioner also asserts the Administrative Procedure Act ("APA") and Declaratory Judgment Act ("DJA") as alternative bases for jurisdiction.  (Dkt. No. 1 at 10.)  The APA and DJA do not provide an independent basis for subject matter jurisdiction.  See Allen v. Milas, 896 F.3d 1094, 1099 (9th Cir. 2018) ("It is beyond question that the APA does not provide an independent basis for subject matter jurisdiction in the district courts."); Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-08114 WLH (ADS)  Date: September 9, 2025

Title: *Jose Federico Villareal Arballo v. Kristi Noem, et al.*

## IV.  PETITIONER'S OPTIONS

The Petition is subject to dismissal. Petitioner has the following three options:

### A. Option 1 – File a Written Response or First Amended Petition

Petitioner is **ORDERED** to file a written response to this Order **by October 9, 2025**, providing information necessary to address the deficiencies identified in this Order.

*The Clerk of the Court is directed to attach to this Order blank copies of Central District forms CV-027 and CV-76B.*

### B. Option 2 – Proceed on the Petition

Petitioner may proceed with the Petition in its current form. If Petitioner selects Option 2, it will be viewed by the Court as the inability to cure the defects identified in this Order. As such, the Court will recommend dismissal of the entire Petition to the District Judge.

To select Option 2, Petitioner must file a statement with the Court stating that he is selecting Option 2 and wishes to proceed on the Petition, despite the infirmities described in this Order.

### C. Option 3 – Voluntary Dismissal

Petitioner may request a voluntary dismissal of this Petition without prejudice pursuant to Federal Rule of Civil Procedure 41(a). Petitioner should review the application of any statute of limitations prior to selecting this option.

To select Option 3, Petitioner may use the Court's Notice of Dismissal Form. *The Clerk is directed to attach a blank copy of the Notice of Dismissal form (CV-09) for Petitioner's convenience.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:25-cv-08114 WLH (ADS)                                    Date: September 9, 2025
Title:  *Jose Federico Villareal Arballo v. Kristi Noem, et al.*

**V.      CONCLUSION**

Petitioner is **ORDERED** to file a written response to this Order **by October 9, 2025.**

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, and/or for failure to obey court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**[3]

**IT IS SO ORDERED.**

Initials Of Clerk kh

---

[3] This Order is nondispositive. However, if Petitioner believes this Order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within 20 days of the date of the Order. See *Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015).